IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SYLVESTER EUGENE WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-83-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner SYLVESTER EUGENE WILLIAMS challenging the constitutional legality or validity of his 1995 state court conviction and sentence. For the following reasons, petitioner's application for federal habeas corpus relief should be DENIED.

I.
PRIOR PROCEEDINGS

On May 14, 1986, petitioner committed the first degree felony offense of burglary of a habitation with intent to commit sexual assault. On August 8, 1986, petitioner was convicted, pursuant to a guilty plea, of the charged offense and assessed a 60-year sentence of imprisonment. *State v. Williams*, No. 451-D. After receiving 87 days pre-sentence jail time credits, petitioner's begin date for his 60-year sentence was calculated as May 14, 1986.[1] On the date petitioner

---

[1] Petitioner also committed the February 20, 1986 offense of theft of a motor vehicle and, on August 20, 1986, was assessed a 5-year sentence of imprisonment, said sentence to run concurrent with his 60-year sentence. *State v. Williams*, No. 376-D. With a sentence begin date of May 14, 1986, petitioner discharged his 5-year sentence on May 14, 1991.

committed the burglary of a habitation offense, Texas law provided that petitioner was eligible for mandatory supervised release from his sentence. *See* Tex. Code Crim. Proc. art. 42.18 § 8(c) (1986). On March 17, 1992, petitioner was denied early release from confinement to parole on his 60-year sentence and given a 3-year set-off, with the next parole review set for December 1995.

On December 4, 1992, while incarcerated on his 60-year sentence, petitioner committed the 3rd degree felony offense of aggravated assault of a correctional officer. On October 3, 1995, petitioner was convicted, pursuant to a guilty plea, of the aggravated assault offense. *State v. Williams*, No. 22,901 [ECF 8 at 7-8]. Petitioner maintains he entered his guilty plea as a result of a plea agreement with the State; nevertheless, the Judgment entered by the state trial court did not set forth any terms of a plea bargain (the undersigned notes, however, that the Judgment also omitted the name of the attorney for petitioner/defendant). [*Id.*]. The state trial court assessed a 4-year sentence as punishment and, as required by state statute, ordered it to run consecutive to petitioner's 60-year sentence.[2] Specifically, the state trial court ordered petitioner's 4-year sentence to commence "when sentence in Cause #451-D . . . for the offense of burglary of a habitation with intent to commit sexual assault sentenced to on 8-8-86 ceases to operate." The state trial court also credited the 4-year sentence with 943 days pre-sentence jail time credit (from March 5, 1993 to October 3, 1995). Petitioner did not file a direct appeal of his conviction and sentence with the appropriate intermediate appellate court. Petitioner was not eligible for release to mandatory supervision on the 4-year sentence for aggravated assault. *See* Tex. Code Crim. Proc. art. 42.18 § 8(c) (1992).

Upon petitioner's aggravated assault conviction becoming final, respondent cumulated

---

[2]"If a defendant is sentenced for an offense committed while the defendant was a prisoner in the Department of Corrections and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense." Tex. Code Crim. Proc. art. 42.08(b) (1992).

petitioner's 4-year and 60-year sentences and treated the sentences as one 64-year sentence to determine petitioner's new mandatory supervised release date.[3]  *Williams v. Davis*, No. 2:17-CV-109 [ECF 11-2 at 3].    Based on a cumulative 64-year sentence and crediting petitioner's May 14, 1986 original begin date with the 943 days credited toward his 4-year sentence, petitioner's new begin date was calculated as October 14, 1983.   [*Id*.].    Approximately two (2) years prior to petitioner's October 1995 conviction of the aggravated assault offense and the assessment of the 4-year consecutive sentence (the only pre-1995 documentation in the record), petitioner's mandatory supervised release date on the burglary of a habitation offense and 60-year sentence was March 23, 2017.[4]   [ECF 8 at 4, September 24, 1993 TDCJ-CID Time Sheet].    After his conviction of the aggravated assault offense, the assessment of the 4-year consecutive sentence, the cumulation of petitioner's 60- and 4-year sentences, in addition to petitioner's substantial loss of previously accrued good time credits, it appears petitioner's mandatory supervision significantly changed (various documents in the record starting in 2017 reflect various mandatory supervised release dates in the year 2040).

Petitioner was not reviewed for release to parole in December 1995 as scheduled prior to his aggravated assault conviction.   [ECF 8 at 2].

---

[3]Prior to September 1, 1987, Texas law provided that consecutive sentences were aggregated and treated as a single sentence equal to the sum of the consecutive sentences for determining an eligibility date for release on parole and mandatory supervision and a final discharge date.   Tex. Rev. Civ. Stat. art. 6181-1 § 1(4) (1986).    After an amendment to the law became effective September 1, 1987, sentences were no longer stacked; instead, an inmate's consecutive sentences were treated individually, with the second sentence commencing only when the first sentence ceased to operate, *i.e.*, when it is served out in full day-for-day (actual calendar time) or on the date a parole panel designates as the date an inmate would have been released to parole had he been sentenced to serve a single sentence.   Tex. Code of Crim. Proc. art. 42.18 § 8(d) (1992).    After September 1, 1987, parole eligibility was calculated separately for each sentence, but the inmate serving consecutive sentences was not eligible for mandatory supervision on any but the last of his sentences.    Therefore, mandatory supervision eligibility was calculated only for the final sentence.   *See Ex parte Forward*, 258 S.W.3d 151 (2008); *Salazar v. Director, TDCJ-CID*, 2018 WL 3826792 (E.D. Tex. June 13, 2018).    The change in the law applied only to a prisoner sentenced to consecutive sentences if each sentence was for an offense committed after the September 1, 1987 effective date.    If any sentence was for an offense committed before September 1, 1987, the prisoner's eligibility for parole was covered by the law in effect when that offense was committed.    Petitioner's first offense (the 1986 burglary of a habitation) took place prior to September 1, 1987; therefore, his consecutive sentences were added together and treated as one sentence.

[4]Of course, this date was fluid as it was based on petitioner's accrued, non-forfeited good time and petitioner's flat time equaling his 60-year sentence.

On September 16, 1998, petitioner filed a federal application for habeas corpus relief under 28 U.S.C. § 2254 challenging the execution of, and seeking "immediate and unconditional release from," his 60-year sentence for his 1986 burglary of a habitation offense and conviction through the "restoration of good-time credits." Although access to petitioner's application is no longer readily available, it is clear petitioner was aware of and challenging respondent's calculation of his time credits toward his sentences after his aggravated assault conviction. The case was subsequently dismissed for want of prosecution. *Williams v. Johnson*, No. 2:98-CV-315.

In October 2012, petitioner filed a state habeas application challenging the execution of his 60-year sentence for his 1986 conviction, *viz.*, TDCJ's failure to release him to mandatory supervision on his 60-year sentence. That application was also denied on the merits without a written order. *In re Williams*, WR-58,174-02; *see Williams v. Stephens*, 3:14-CV-511 [ECF 11-3]. Two (2) subsequent state habeas applications challenging the execution of his 60-year sentence on the same ground as his second state habeas application were dismissed as abusive. *In re Williams*, WR-58,174-03, -04; *see Williams v. Stephens*, 3:14-CV-511 [ECF 11-6, 11-8].

In 2016, petitioner filed a state application for habeas corpus relief challenging his 1995 aggravated assault conviction and 4-year consecutive sentence that the Texas Court of Criminal Appeals dismissed for non-compliance with the Texas Rules of Appellate Procedure. *In re Williams*, WR-58,714-05. In 2017, petitioner filed a second state application for habeas corpus relief challenging his aggravated assault conviction and 4-year sentence. *In re Williams*, WR-58,714-06. On March 29, 2017, the Texas Court of Criminal Appeals denied petitioner's state habeas application on the merits without a written order.[5]

---

[5]Petitioner has filed additional state and federal applications for habeas corpus relief not specifically relevant to this proceeding.

## II.
## CURRENT PROCEEDING

On April 20, 2017, petitioner, confined in the Clements Unit in Potter County, Texas, purportedly placed the instant petition for federal habeas corpus relief in the prison mail system. [ECF 3 at 10]. By his application, petitioner indicates he is challenging a "judgment of conviction," as well as "Other: plea agreement," "time credit" and "mandatory supervision." [*Id.*]. Petitioner identifies his 1995 conviction for aggravated assault of a correctional officer as the judgment of conviction "under attack." [*Id.* at 2].

By this habeas application, petitioner contends his 1995 aggravated assault of a correctional officer conviction and the resultant 4-year consecutive sentence are unconstitutional because:

1. Petitioner was denied effective assistance of counsel during the 1995 criminal proceeding because counsel failed to inform petitioner of the effect a new aggravated assault conviction and consecutive sentence would have upon the execution of, and calculation of time toward, his existing 60-year sentence for burglary of a habitation and his overall time in confinement; and

2. The terms of the plea bargain agreement that resulted in his 1995 guilty plea and conviction for aggravated assault have been violated by the *ex post facto* application of Texas Government Code § 509.149(a)[6] to petitioner's 60-year sentence for burglary of a habitation.

As relief in this habeas proceeding, petitioner requests his 1995 conviction and resultant 4-year sentence be "overturned." [ECF 8 at 3].

Petitioner's online Offender Information Detail maintained by the Texas Department of Criminal Justice, Correctional Institutions Division, reflects petitioner's parole eligibility date as October 29, 2004, but states petitioner was last denied parole on March 17, 1992, prior to his October 1995 aggravated assault conviction and the resultant 4-year consecutive sentence. It

---

[6]Section 509.149(a) of the Texas Government Code, effective May 23, 1997, re-codified Tex. Crim. Proc. art. 42.18, § 8(c) which, since September 1, 1987, had prohibited the release of a prisoner to mandatory supervision if he was serving a sentence for, *inter alia*, a second degree or third degree aggravated assault.

further reflects petitioner is currently in the parole review process. Petitioner's projected release date for release to mandatory supervision is listed as April 15, 2029, with a maximum sentence date of October 14, 2047 for cumulative offenses.[7]

### III.
### STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

---

[7] *See* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=03654556

## IV.
## FINALITY OF CONVICTION

A judgment becomes final upon the conclusion of direct appellate review or when the time for filing further direct appeal expires. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002). With regard to the finality of petitioner's judgment of conviction, the undersigned makes the following findings and/or conclusions:

1. Petitioner was sentenced on October 3, 1995. Petitioner did not file a direct appeal of his conviction or sentence with the appropriate state intermediate appellate court.

2. Petitioner's judgment of conviction became final on **November 2, 1995**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1).

## V.
## START OF THE LIMITATION PERIOD/ STATUTORY TOLLING

The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date. On page 9 of the form habeas application petitioner submitted, wherein he was instructed to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition if the judgment of conviction became final over one year ago, petitioner states:

> These facts of parole denials and miscalculations of time credits under mis-interpretation of the laws has just recently come to light by Parole Board.

[ECF 3 at 9]. Petitioner thus appears to suggest in his pleadings that the 1-year limitation period should start on a date other than, and later than, the date his conviction became final, *i.e.*, November 2, 1995. Specifically, petitioner appears to assert he did not and could not, through the exercise of due diligence, discover the factual predicate of his claims challenging his 1995 conviction and sentence until recent Parole Board decisions denying him early release to parole.

Petitioner does not identify any specific date as the date he allegedly discovered the bases of his challenges to his 1995 conviction. Moreover, in a response to a briefing order from the Court, petitioner acknowledges the Board only reviewed petitioner for parole "one time" and denied him parole on March 17, 1992.

Petitioner's claims of ineffective assistance of counsel and violation of his 1995 plea bargain are based on the manner in which his consecutive sentences were being executed, specifically how his sentences were being treated for determining eligibility for release on parole and mandatory supervision and how his time was being calculated, after his 1995 conviction and the assessment of his 4-year consecutive sentence. It appears petitioner could have discovered the impact of his aggravated assault conviction and consecutive sentence on the execution of his previous sentence by December 31, 1995, when petitioner's next scheduled parole review was not held. Moreover, it appears petitioner had in fact discovered the impact of his conviction and cumulative sentence on the execution of his 60-year sentence by September 1998 when he filed his first federal habeas application seeking the restoration of good time credits and his immediate release. Furthermore, it is clear petitioner was aware of the impact of his conviction and consecutive sentence on the execution of his 60-year sentence as of October 10, 2012 when petitioner filed a state application for habeas relief arguing he should have been released to mandatory supervision on his 1986 sentence. Even if the Court allowed petitioner the benefit of the discovery rule of section 2244(d)(1)(D) so as to delay the start of the limitation period until October 10, 2012, the latest of the above dates to begin the limitation period, this later start date does not fall within the 1-year time period preceding the filing of the instant habeas application.

The 1-year limitation period is tolled for the time during which a properly filed application for state habeas relief or other collateral review is pending. Here, as noted above, petitioner filed two (2) state habeas applications challenging his 1995 conviction and sentence.

With regard to the start of the 1-year limitation period and statutory tolling of the limitation period, the undersigned makes the following findings and conclusions:

1. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

2. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

3. Petitioner could not have discovered, through the exercise of due diligence the factual predicate of the claims presented until a date later than the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

4. The 1-year period of limitation in this case began **December 31, 1995**, the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.

5. Petitioner's federal habeas corpus petition was thus due on or before **December 31, 1996** (upon the expiration of one year), unless the limitation period was statutorily or equitably tolled.

6. Petitioner filed state habeas applications challenging his 1995 conviction and sentence in 2016 and 2017.

7. Petitioner's state habeas applications did not statutorily toll the 1-year period of limitation because they were filed after the limitation period had expired on December 31, 1996.  *See Medley v. Thaler*, 660 F.3d 833, 834-35 (5th Cir. 2011).

## VI.
## EQUITABLE TOLLING

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  Here, however, petitioner has not asserted, much less sufficiently demonstrated, that he is entitled to equitable tolling of the limitation period.  Moreover, the record does not reflect petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control,

qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his 1995 conviction.

## VII.
## ACTUAL INNOCENCE

A credible showing of "actual innocence" may, in certain circumstances, allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). Here, however, petitioner has not argued that an "actual innocence" exception is applicable, much less demonstrated his actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of new evidence.

## VIII.
## FINAL FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. The one-year statutory limitation period in this case was not equitably tolled.

2. Petitioner's federal habeas corpus application, filed **April 20, 2017** when petitioner purportedly placed the application in the prison mail system,[8] was filed **after** the expiration of the statute of limitations and **is time barred**.

3. An "actual innocence" exception to the time bar is not applicable to this case so as to allow a gateway for this Court to hear petitioner's time barred claims.

## IX.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

---

[8]*Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998) (a federal habeas petition is "filed" for purposes of the limitation period when the inmate tenders his petition to prison officials for mailing).

District Judge that the federal habeas corpus application filed by petitioner SYLVESTER EUGENE WILLIAMS be DENIED as time barred.

## X.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 16, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).